## CIRCUIT COURT OF THE CITY OF RICHMOND

James D. Kepley, Jr.

v.

City of Richmond

Case No. LB-2189-4

BY JUDGE RANDALL G. JOHNSON

December 16, 1996

This matter is before the court on a Motion for Declaratory Judgment. The Plaintiff is the substitute trustee under a deed of trust secured by a perfected and recorded lien. He has been instructed to sell the property in question to satisfy the note, which is in default. He seeks guidance from the court concerning the proper priority for paying the liens existing against the property. He believes that, other than real estate taxes, the deed of trust lien takes priority.

The Defendant is the City of Richmond. It abated a nuisance by demolishing the building which was on the property in question. It asserts a lien which, though dated after the lien securing the deed of trust, above, is potentially of a higher priority for satisfaction upon foreclosure.

The general rule is that the lien that is first in point of time takes precedence over all subsequent liens. *See* 12A M.J., *Liens*, § 16 (1989). A subsequently occurring lien may deviate from this rule and gain a priority status over previously occurring liens only by statutory authority. *See id.*

To support its claim that the City's lien takes priority even though it actually was established after the deed of trust lien, Defendant relies on a combination of several statutory provisions. The authority to abate a nuisance and recover the costs incurred is established in Va. Code Ann. § 15.1-867. That section defines the term "nuisance," then continues as follows:

> If after such reasonable notice as the municipal corporation may prescribe the owner or owners, occupant or occupants of the property or premises affected by the provisions of this section

shall fail to abate or obviate the condition or nuisance, the municipal corporation may do so and charge and collect the cost thereof from the owner or owners, occupant or occupants of the property affected in any manner provided by law for the collection of state or local taxes.

Va. Code Ann. § 15.1-867. Defendant cites this provision, along with Va. Code Ann. § 58.1-3340, which establishes superpriority for liens on real estate for taxes assessed thereon, as the basis for its claim of priority. Defendant labels this lien to be a special assessment, based on an abatement of a nuisance which took place after notice to the owners, which it is attempting to collect as it would any other tax.

Plaintiff has argued that the City must notify lien holders before they abate the nuisance. Otherwise, Plaintiff contends, the resulting lien does not have superpriority. Instead, it stands in line as a general lien. In response, Defendant points again to § 15.1-867, which requires that the notice be reasonable and as prescribed by the municipal corporation. The Richmond City Charter incorporates and adopts this notice requirement at Sec. 2.04(m). It is implemented at Sec. 5-11 of the Richmond City Code, which only requires the Commissioner of Buildings to notify the "owner, agent of the owner, or person in control of a building . . . ." Further, the Defendant argues, the notice provisions make specific reference to compliance with the Virginia Uniform Statewide Building Code (USBC). That Code, which has been adopted in its entirety by the City, requires notice to the "owner, the owner's agent, or person in control of the unsafe building." USBC sec. 105.3.

Plaintiff argues that the City's lien does not have priority over the deed of trust lien as the City has not complied with the statutory requirements. Plaintiff cites to a different statutory provision, which reads:

The governing body of any county, city or town may, by ordinance, provide . . . .

2. That the governing body of such county, city or town through its own agents or employees may remove, repair or secure any building . . . wherein the owner and lien holder of such property, after reasonable notice and a reasonable time to do so, has failed to remove, repair or secure said building . . . . For purposes of this section, reasonable notice shall include a written notice (i) mailed by certified or registered mail, return receipt requested, sent to the last known address of the property

owner and (ii) published in a newspaper having general circulation in the locality . . . .

3. That in the event the governing body of such county, city or town, through its own agents or employees removes, repairs or secures any building . . . after complying with the notice provisions in this section, the costs and expenses thereof shall be chargeable to and paid by the owners of such property and may be collected by the county, city or town as taxes and levies are collected;

4. That every charge authorized by this section with which the owner of any such property shall have been assessed and which remains unpaid shall constitute a lien against such property ranking on a parity with liens for unpaid local taxes and enforceable in the same manner as provided in Articles 3 (§ 58.1-3940 et seq.) . . . of Chapter 39 of Title 58.1.

Va. Code Ann. § 15.1-11.2. Plaintiff argues that this is the applicable Code provision governing this matter and that the City has not complied with the notice requirements. Therefore, Plaintiff concludes, the City's lien does not have priority over liens which predate it.

Defendant argues that the City is not bound by this provision as they have not adopted it. Defendant says that this provision must be adopted by ordinance, and only upon adopting it, do the notice requirements come into force. Since there was no ordinance adopting this Section in this case, the City is not bound by the notice requirements.

The Defendant is incorrect in its contention that this provision must be adopted before it has any effect. This is so because this provision does something that no other statute grants the City the authority to do, establish a lien with superpriority. Defendant cannot do this without statutory authority, and the only authority available to it is to be found in § 15.1-11.2. Therefore, in order to create a lien for these charges that has superpriority, the City must enact an ordinance and follow the procedures in this section.

The Court does not agree that the other provisions cited by Defendant give that authority to the City. The authorities cited by Defendant allow for the abatement of a nuisance and for the costs to be charged against the owner. Neither § 15.1-867 nor the City Charter relied on by the Defendant even create a right of lien, much less a lien enjoying priority over preexisting liens. Only the USBC has a lien provision at all, and that only establishes the right to a general lien, not one of superpriority.

Defendant labels this a special assessment and claims its superpriority through the tax collection statutes. Simply calling this an "assessment" does not give the City the ability to side-step the statutory requirements for establishing a lien of superpriority. This is not a tax. It is simply the costs of abating a nuisance. Section 15.1-867 allows the city to collect such a charge in any manner provided by law for the collection of taxes. It does not create a lien that gains the superpriority status of such taxes.

In order for the City to do what it has done here, it must comply with the requirements of § 15.1-11.2. That Code Section requires certain steps be taken to supply notice to the owner and lien holder. Since these requirements were not met, the resulting lien does not enjoy priority over the deed of trust lien. The Motion for Declaratory Judgment is sustained.

### Order

After consideration of the arguments and motions, and for the reasons stated in the Court's letter opinion to counsel, the Court finds that the lien securing the deed of trust on the property in question has priority over the lien held by Defendant for the abatement of a nuisance.

It is, therefore, ordered that the Motion for Declaratory Judgment is sustained and judgment is entered for the Plaintiff James D. Kepley, Jr., and against the City of Richmond. The Defendant's objections are noted.

### December 31, 1996

This is a declaratory judgment action in which the court must determine whether a lien claimed by the City of Richmond on certain real property is superior to the lien of a preexisting deed of trust on that property. Plaintiff is the substitute trustee under the deed of trust. Defendant is the City of Richmond. At issue is whether the City was required to give the notice set out in Va. Code § 15.1-11.2(2) — specifically, notice published in a newspaper —- in order to enforce the lien which it now claims. The court holds that such notice was required.

The relevant facts have been stipulated. MIR Associates, a Virginia general partnership, owns the real estate designated as 14 and 16 North Third Street in Richmond. MIR is also the maker of a note dated May 27, 1977, in the original principal sum of $199,500, which is secured by the deed of trust, also dated May 27, 1977, under which plaintiff serves as substitute trustee. Richard Hawkins is the general partner of MIR. On March 26, 1995, the General District Court of the City of Richmond entered an order requiring the City to abate certain safety violations of

Hawkins and MIR involving the buildings on the subject property. On Hawkins' appeal, the Circuit Court of the City of Richmond entered an order which "accept[ed] the City's recommendation to demolish the property," and provided that "the said Richard K. Hawkins shall pay the expenses of such demolition." Between October, 1995, and February, 1996, the City caused the buildings to be demolished, thereby abating the violations involved in the court proceedings. The City also filed notices of special assessment in the City Treasurer's Office asserting a lien against the property in the total amount of $50,915, the cost of demolition. It is the City's claim of that lien which is the subject of this proceeding.

Virginia Code § 15.1-11.2 creates a lien for expenses incurred by a city in removing buildings which endanger public safety:

§ 15.1-11.2. *Authority to require removal, repair, etc., of buildings and other structures.* — The governing body of any county, city or town may, by ordinance, provide:

1. That the owners of property therein, shall at such time or times as the governing body may prescribe, remove, repair or secure any building, wall or any other structure which might endanger the public health or safety of other residents of such county, city or town;

2. That the governing body of such county, city or town through its own agents or employees may remove, repair or secure any building, wall or any other structure which might endanger the public health or safety of other residents of such county, city or town, wherein the owner and lien holder of such property after reasonable notice and a reasonable time to do so, has failed to remove, repair or secure said building, wall or other structure. For the purposes of this section, repair may include maintenance work to the exterior of a building to prevent deterioration of the building or adjacent buildings. For purposes of this section, reasonable notice shall include a written notice (i) mailed by certified or registered mail, return receipt requested, sent to the last known address of the property owner and (ii) published in a newspaper having general circulation in the locality in accordance with the applicable provisions of § 15.1-504. No action shall be taken by the locality to remove, repair or secure any building, wall or other structure for at least thirty days following the later of the return of the receipt or newspaper publication;

3. That in the event the governing body of such county, city or town, through its own agents or employees removes, repairs. or secures any building, wall or any other structure after complying with the notice provisions of this section, the cost or expenses thereof shall be chargeable to and paid by the owners of such property and may be collected by the county, city or town as taxes and levies are collected;

4. That every charge authorized by this section with which the owner of any such property shall have been assessed and which remains unpaid shall constitute a lien against such property ranking on a parity with liens for unpaid local taxes and enforceable in the same manner as provided in Articles 3 (§ 58.1-3940 et seq.) and 4 (§ 58.1-3965 et seq.) of Chapter 39 of Title 58.1.

Emphasis added.

No newspaper notice was given here. The City argues, however, that § 15.1-11.2 is not mandatory ("The governing body of any county, city or town *may* by ordinance provide" (emphasis added)), and that it, the City of Richmond, is not required to comply with that section's procedures. The court agrees. The City of Richmond is *not* required to follow Va. Code § 15.1-11.2. Unfortunately for the City's position, however, it cannot claim a lien for its demolition expenses unless that section *is* followed.

In arguing that the notice provisions of Va. Code § 15.1-11.2 do not apply to it, the City relies on Va. Code § 15.1-1, which states:

Except when otherwise expressly provided, the provisions of this title shall in nowise repeal, amend, impair or affect any other power, right or privilege conferred on cities and towns by charter or any other provisions of general law.

The City points out that its charter and code contain notice requirements different from those contained in § 15.1-11.2. Specifically, Richmond charter § 2.04(m), which deals with the type of safety violations at issue here, provides in pertinent part:

If after such reasonable notice *as the Council may prescribe by ordinance* the owner or owners, occupant or occupants of the property or premises affected by the provisions of this subsection shall fail to abate or obviate the condition or nuisance, the City may do so and charge and collect the cost thereof from the

owner or owners, occupant or occupants of the property affected
in any manner provided by law for the collection of taxes.

Emphasis added.

The notice prescribed by Council by ordinance, argues the City, is the notice set out in the Virginia Uniform Statewide Building Code (USBC) which has been adopted by the City. *See* § 5.1 of the Code of the City of Richmond. Such notice need only be to the "owner, the owner's agent or person in control of the unsafe building." USBC § 105.3. The City's argument is wrong.[1]

In *Board of Supervisors v. City of Roanoke*, 220 Va. 195, 257 S.E.2d 781 (1979), the City of Roanoke sought to construct a water impoundment project in Roanoke County for use by Roanoke City. Several sections of Title 15.1 of the Code of Virginia required Roanoke City to obtain the approval of the Board of Supervisors of Roanoke County before beginning construction. Roanoke City's charter, however, empowered Roanoke City to "acquire in any lawful manner in any county of the State, or without the State, such water lands, and lands under water *as the council of said city may deem necessary . . . .*" It was Roanoke City's argument there, as it is Richmond City's argument here, that § 15.1-1 preserved its charter-derived power because the subject state statutes did not *expressly* "repeal, amend, impair or affect" that power. The Supreme Court held otherwise:

> We disagree with the City. Section 2(9) of the city charter deals with the subject of the City's power to acquire lands for the construction of dams and the development of its public water supply system. Code §§ 15.1-37.1 and -332.1 deal with precisely the same subject. But the Code sections contain caveats providing that a political subdivision cannot construct a dam or impound waters in another locality without the approval of the other locality. We believe that, in §§ 15.1-37.1 and -332.1, the General Assembly clearly has "otherwise expressly provided," in the language of § 15.1-1, that the exercise of the power

---

[1] Actually, the court is not convinced that Richmond's City Council has adopted the notice provisions of the USBC in the context of this case. City Code § 5-11 provides what the City may do to abate a safety violation if the owner fails to comply with "any notice mailed or posted as provided by law." Why the "law" referred to is the USBC and not Va. Code § 15.1-11.2 is unclear. For purposes of this opinion, however, and in order to address the City's arguments directly, the court will assume that it is the "USBC law" which is referred to.

granted the City under § 2(9) of its charter shall be affected by the caveats contained in the Code sections.

To make clearer what already is abundantly clear, we note that the City's power under its charter provision is to "acquire in any lawful manner" land in a county for the construction of a dam. But § 15.1-37.1 provides that a county, city, or town cannot even acquire land for a dam in another locality, much less construct the dam, without approval of the governing body of the other locality. Obtaining such approval, therefore, is a precondition to the lawful exercise of the power granted the City by its charter.

110 Va. at 199.

With changes made necessary only by the different subject of the case at hand, the above language is right on point. Section 2.04(m) of the Richmond city charter deals with the subject of the City's power to abate safety nuisances and to charge the cost of such abatement to the property owner. Code § 15.1-11.2 deals with precisely the same subject. But the Code section contains caveats that a political subdivision cannot take any action to remove, repair or secure any building, wall or other structure for at least thirty days following the notice required by that section. This court believes that, in § 15.1-11.2, the General Assembly clearly has "otherwise expressly provided," in the language of § 15.1-1, that the exercise of power granted the City under § 2.04(m) of its charter shall be affected by the caveats contained in the Code section.

To make clearer what already is abundantly clear, the court notes that the City's power under its charter provision is to "charge and collect the cost [of abating a safety nuisance] from the owner or owners, occupant or occupants of the property affected in any manner provided by law for the collection of taxes." But § 15.1-11.2 provides that a county, city, or town cannot even take action to remove a nuisance, much less charge and collect the costs of doing so, without giving the notice required by that section. Giving such notice, therefore, is a precondition to the lawful exercise of the power granted by its charter.

For the foregoing reasons, the court holds that the lien of the deed of trust has priority over the lien claimed to be held by the City of Richmond.